[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11997
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60299-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ROSE,
a.k.a. Neil Antonio Mills,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 6, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Defendant-appellant Mark Rose ("Rose") appeals his forty-six month

sentence for illegal reentry into the United States after deportation, in violation of 8

U.S.C. §§ 1326(a) and (b)(2). After review, we affirm Rose's sentence.

# I.  BACKGROUND

Prior to this case, Rose, a Jamaican national, had a federal drug conviction. Specifically, in January 1999, in the United States District Court for the Middle District of Florida, Rose pleaded guilty to possession with intent to distribute cocaine.  Rose was sentenced to thirty months' imprisonment, and upon his release from prison, he was immediately deported to Jamaica.

On or about November 9, 2004, Rose illegally attempted to reenter the United States.  In late November 2004, a one-count indictment charged Rose with illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).[1]  On January 20, 2005, Rose pleaded guilty to the charge without a written plea agreement.

The probation office prepared a Pre-Sentence Investigation report ("PSI") for Rose's sentencing under the United States Sentencing Guidelines.  The PSI set Rose's base offense level at eight.  U.S.S.G. § 2L1.2.  However, the PSI recommended that Rose's offense level be enhanced by sixteen levels, pursuant to

---

[1] 8 U.S.C. § 1326(a) provides that "[s]ubject to subsection (b)," any alien who is caught illegally reentering the United States subsequent to a previous deportation is subject to a maximum penalty of two years' imprisonment.  8 U.S.C. § 1326(a).  Further, 8 U.S.C. § 1326(b)(2) provides that if the alien's previous removal was "subsequent to a conviction for commission of an aggravated felony," the alien is subject to a maximum of twenty years' imprisonment.  See 8 U.S.C. § 1326(b)(2).  Rose's 1999 drug conviction is a drug trafficking crime and an aggravated felony for purposes of § 1326(b)(2).  See 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2); 21 U.S.C. § 841.

2

U.S.S.G. § 2L1.2(b)(1)(A), due to his reentry into the United States after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). The PSI noted that Rose was arrested in 1998 for possession with intent to distribute cocaine; that he was convicted on that charge upon his guilty plea; and that he was sentenced in January 1999 to thirty months' imprisonment.

Finally, the PSI recommended that Rose's offense level be reduced by three, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), for his acceptance of responsibility, resulting in a total adjusted offense level of twenty-one. With a criminal history category of III, Rose's guidelines range was forty-six to fifty-seven months' imprisonment.

At his sentencing hearing, Rose never disputed the existence or the nature of his prior conviction for possession with intent to distribute cocaine. Similarly, during his plea colloquy, Rose conceded the accuracy of the prosecutor's factual proffer, including the fact of his prior conviction in the Middle District of Florida for possession with intent to distribute cocaine.[2] However, Rose did object to the use of that 1999 conviction to enhance his sentence. Specifically, Rose's counsel objected because the "aggravated felony nature of the [1999] offense wasn't

_____

[2]Rose also did not dispute the factual accuracy of the PSI.

3

charged in the Indictment." Counsel repeated that his objection was "based on [the conviction] not being charged in the Indictment." Rose's counsel argued that although the Supreme Court held in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998) that the fact of a prior conviction does not need to be alleged in an indictment nor proven to a jury beyond a reasonable doubt, the Supreme Court arguably overruled Almendarez-Torres in Shepard v. United States, 544 U.S. __, 125 S. Ct. 1254 (2005).

The district court overruled Rose's objection and sentenced Rose to forty-six months' imprisonment. Rose timely appealed.

## II. DISCUSSION

On appeal, Rose argues that his Fifth and Sixth Amendment rights were violated because his prior drug conviction was not charged in the 2004 indictment nor proven to a jury beyond a reasonable doubt.

### A. Standard of Review

The parties dispute the applicable standard of review. Rose's brief states that plain-error review applies to both his Fifth and Sixth Amendment claims.[3]

---

[3]We review a constitutional objection presented for the first time on appeal for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). For this Court to reverse for plain error, there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).

Appellant Br. at 5. Interestingly, the government states that <u>de novo</u> review applies to Rose's Fifth Amendment claim regarding the prior conviction's inclusion in the indictment, but that plain-error review applies to Rose's Sixth Amendment claim regarding the district court's authority to make findings of fact.[4] Appellee Br. at 8. We need not resolve the dispute, because Rose's claims fail under either standard of review.

## B. Analysis

While Rose asserts that his Fifth and Sixth Amendment rights were violated, he candidly admits that "this Court's recent decisions effectively decide the issues raised in this appeal." Appellant Br. at 6. Rose further acknowledges that he only "raises the issue[s] and preserves [them] for further attacks on his conviction and sentence should the state of the law change." <u>Id.</u>

Our recent decisions do govern, and this Court has already held several times that "'<u>Almendarez-Torres</u> remains the law until the Supreme Court [expressly] determines that <u>Almendarez-Torres</u> is not controlling precedent.'" <u>United States v. Orduno-Mireles</u>, 405 F.3d 960, 963 (11th Cir.) (citation omitted), <u>cert. denied</u>, 126 S. Ct. 223 (2005); <u>see also</u> <u>United States v. Camacho-Ibarquen</u>,

_____

[4]We review a constitutional objection that was timely raised in the district court <u>de novo</u>; however, this Court will reverse only upon a finding of harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).

410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S. Ct. 457 (2005). This Court has also concluded that Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker."[5] United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); United States v. Burge, 407 F.3d 1183, 1188 (11th Cir.), cert. denied, 126 S. Ct. 551 (2005); Orduno-Mireles, 405 F.3d at 962.

In addition, the district court did not resolve any disputed facts related to Rose's prior conviction, and thus the Supreme Court's decision in Shepard does not change the result here. See Orduno-Mireles, 405 F.3d at 962 n.3 (rejecting defendant's argument that sixteen-level enhancement for prior conviction under U.S.S.G. § 2L1.2(b)(1)(A) violated his Sixth Amendment rights, and holding that because the district court did not resolve any "disputed facts related to the prior conviction which were not adjudicated in the prior proceeding," the "Supreme Court's recent decision in Shepard . . . does not change our analysis in this case"); Camacho-Ibarquen, 410 F.3d at 1315-16 & n.3 (same).

Rose has never disputed that he has a prior conviction in the Middle District of Florida for possession with intent to distribute cocaine. As a matter of law, Rose's prior drug conviction is an aggravated felony for purposes of 8 U.S.C. §

---

[5]See Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

6

1326(b).  <u>See</u> <u>supra</u> note 1.  Additionally, Rose's prior conviction was undisputedly for a "felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months."  U.S.S.G. § 2L1.2(b)(1)(A); <u>see</u> <u>supra</u> note 1.  Accordingly, we affirm Rose's sentence.

**AFFIRMED.**